**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAWRENCE E. VINCENT,**

    **Petitioner,**

**v.** // **CIVIL ACTION NO. 1:11CV98
CRIMINAL NO. 1:07CR33-1
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

After the pro se petitioner, Lawrence E. Vincent ("Vincent"), filed a petition pursuant to 28 U.S.C. § 2255 on June 20, 2011, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On November 16, 2011, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), which recommended that Vincent's motion to vacate be denied and his case be dismissed with prejudice because his § 2255 motion was untimely, having been filed two and a half years after the statute of limitations expired on December 18, 2008. He further concluded that Vincent was not entitled to have the statute of limitations equitably tolled.

The R&R also specifically warned Vincent that his failure to object to the R&R would result in the waiver of any appellate rights on this issue. Vincent, however, failed to file any

**VINCENT v. UNITED STATES**  1:11CV98
 1:07CR33-1

**ORDER ADOPTING REPORT AND RECOMMENDATION**

objections.[1] Consequently, the Court **ADOPTS** the R&R in its entirety (dkt. no. 7, case no. 1:11CV98 & dkt. no. 223, case no. 1:07CR33), **DENIES** the motion to vacate (dkt. no. 1, case no. 1:11CV98 & dkt. no. 210, case no. 1:07CR33), **DISMISSES** the case **WITH PREJUDICE**, and **ORDERS** that it be **STRICKEN** from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate Judgment Order and to transmit copies of both Orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 11, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Vincent's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).